Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 862 | **DATE** | 1/23/2002 |
| **CASE TITLE** | Quantum Color Graphics vs. The Fan Association, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying motions to dismiss by defendants Karp and the Fan Association Event Photo GmbH. Plaintiff is ordered to show cause within two weeks why the complaint should not be dismissed as to Fans United AG. Status hearing is set for 2/15/02 at 10:00 a.m. Parties shall submit their proposed discovery schedule by 2/12/02. Any motion for summary judgment must be filed within 14 days after the discovery is closed. Any extension of discovery will not extend the deadline for the filing of a dispositive motion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 2 4 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | IS docketing deputy initials | 20 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/23/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 2 4 2002

| | |
|---|---|
| QUANTUM COLOR GRAPHICS, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**THE FAN ASSOCIATION EVENT PHOTO GmbH**, a German corporation; **FANS UNITED AG**, a German corporation; **THE FAN ASSOCIATION USA, LLC**, a California limited liability company; and **GUIDO KARP**, an individual,<br><br>Defendants. | No. 01 C 0862 |

## MEMORANDUM OPINION AND ORDER

Quantum Color Graphics, LLC ("Quantum") sues The Fan Association Event Photo GmbH ("GmbH") and Fans United AG, both German corporations, as well as The Fan Association USA, LLC ("USA LLC"), a California limited liability corporation, and Guido Karp, a resident of Germany, for breach of contract. I have subject matter jurisdiction based on diversity and alienage under 28 U.S.C. § 1332. I entered a default judgment against the USA L.L.C., *see* Minute Order of June 8, 2001, and the record does not reflect that service has been made on Fans United AG. Karp and GmbH move to dismiss the complaint, and I deny the motion.

I.

Quantum is an Illinois limited liability company, whose principal place of business is in Morton Grove, Illinois, that

"provides commercial printing and prepress services to its customers." Guido Karp is a principal in GmbH and the other corporate defendants, which are involved generally in the printing of leaflets for rock concerts in different venues throughout the world. Quantum says that the defendants placed orders for several printing jobs in 1999 and 2000, and that Quantum's acceptance of the purchase orders established a "contractual relationship," which the defendants have breached by failing to pay multiple invoices totaling $154,038.30. Quantum also alleges that "Karp has utilized the three corporate defendants interchangeably in an attempt to avoid the amounts due and owing via a corporate shell game."

Karp and GmbH argue that Quantum fails to state a claim for breach of contract and that Quantum has failed to sufficiently allege the requisite contacts with Illinois to support the exercise of personal jurisdiction over them. On a motion to dismiss for lack of jurisdiction, I read the complaint liberally and accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). I may consider evidence outside of the complaint, and "[t]he presumption of correctness . . . accord[ed] to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Id.* at 855-56. Once challenged with evidence, the "plaintiff has the obligation to

2

establish jurisdiction by competent proof." *Id.* at 855.

A.

The first issue concerns whether Quantum can establish that the amount in controversy exceeds $75,000, as required for alienage jurisdiction. The defendants argue that by lumping all of the defendants together, Quantum engaged in artful pleading "to prevent [the] Court from reaching the inevitable conclusion that if plead[ed] properly, the Complaint cannot set forth the required amount in controversy for diversity jurisdiction against any one of the defendants." Motion at 5 n.4. In their reply brief, the defendants argue that Quantum could not aggregate its claims against the defendants because it did not allege that they were jointly liable. Ordinarily, claims raised for the first time in reply are waived, *see Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998); *United States v. Cherif*, 943 F.2d 692, 700 (7th Cir. 1991) (same for footnote), but I have an independent duty to police subject matter jurisdiction even if the parties raise no objection, *see Amgen, Inc. v. Kidney Center of Delaware County, Ltd.*, 95 F.3d 562, 567 (7th Cir. 1996).

Although Quantum contends that the defendants are alter egos, the defendants argue that, because Quantum failed to state specifically whether it seeks to hold the defendants jointly or severally liable, it has failed to properly plead jurisdiction. The Seventh Circuit has held that a plaintiff may aggregate claims

3

against multiple defendants where it demonstrates a reasonable probability that the corporate veil should be pierced. *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081-82 (7th Cir. 2001) (Indiana law). In Illinois, corporate "alter egos" are jointly and severally liable for breach of contract. *See, e.g., Knickman v. Midland Risk Servs.-Ill., Inc.*, 700 N.E.2d 458, 460-62 (Ill. App. Ct. 1998). In order to pierce the corporate veil and hold alter egos jointly liable, a plaintiff must be able to prove "(1) a unity of interest and ownership that causes the separate personalities of the corporation[s] and the individual to no longer exist; and (2) the presence of circumstances under which adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice or promote inequitable consequences." *Jacobson v. Buffalo Rock Shooters Supply, Inc.*, 664 N.E.2d 328, 331 (Ill. App. Ct. 1996).

Quantum "believes that Karp has utilized the three corporate defendants interchangeably in an attempt to avoid the amounts due and owing via a corporate shell game." Compl. ¶ 17. Quantum says as well that Karp is a principal of the three corporate defendants. *Id.* ¶ 5. The defendants do not challenge the underlying facts, only the legal conclusion that they should be subject to joint liability, so I must accept the factual allegations as true. *Sapperstein*, 188 F.3d at 855-56. Moreover, based on the correspondence submitted by Quantum in its surreply, which I may

4

consider in ascertaining whether I have subject matter jurisdiction, *id.*, it appears that Karp identified himself with all three corporate defendants and that orders were submitted by GmbH but billed to USA LLC. I may reasonably infer for the purposes of this motion that Quantum could prove a unity of interest that destroys the separate personalities of the defendants, and if Karp has abused the corporate form to avoid obligations to Quantum, that would certainly "promote injustice." If Quantum can establish alter ego liability, the defendants may be held jointly liable, so the claims against each defendant could be aggregated for jurisdictional purposes. Quantum has sufficiently alleged the required amount in controversy for alienage jurisdiction.

B.

Both GmbH and Karp move to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). I have personal jurisdiction over a defendant "only if a court of the state in which [I] sit[] would have such jurisdiction." *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). The plaintiff has the burden of showing that jurisdiction is proper under (1) the Illinois long-arm statute, 735 ILCS 5/2-209, (2) Illinois constitutional law, and (3) federal constitutional law. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). The Illinois long-arm statute authorizes personal jurisdiction to the limits of the Illinois and federal constitutions, § 2-209(c), so the inquiry collapses into

5

two constitutional inquiries--state and federal. 107 F.3d at 1276.

I must attempt to avoid reaching federal constitutional questions where the case can be disposed of on state law grounds, so I address the Illinois constitutional question first. *Id.* The Illinois Supreme Court has held that Illinois due process is not necessarily co-extensive with federal due process, though federal law may inform the state inquiry. *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). Illinois courts have given little guidance on how Illinois due process varies from federal concerns, *RAR, Inc.*, 107 F.2d at 1276-77, but they "have upheld (under the state constitution) personal jurisdiction 'over a non-resident corporate purchaser engaged in a commercial relationship with an Illinois corporation through the placing of purchase orders to the plaintiff in Illinois for products manufactured in Illinois.'" *Id.* at 1276 (citing *Autotech Controls Corp. v. K.J. Elec. Corp.*, 628 N.E.2d 990, 995-96 (Ill. App. Ct. 1993); *G.M. Signs, Inc. v. Kirn Signs, Inc.*, 596 N.E.2d 212, 214-15 (Ill. App. Ct. 1992)). These are the same operative facts on which Quantum relies to establish personal jurisdiction, so *RAR* might be read to mean that Illinois due process would not be offended by the exercise of personal jurisdiction in this case.

In *G.M. Signs*, "the affidavits and pleading establish[ed] that defendant actively initiated and negotiated an ongoing commercial relationship with plaintiff, an Illinois seller," and on that

6

basis, the court concluded that the defendant was an "'active purchaser' who deliberately reached out beyond its home state to avail itself of the benefits of commercial ties with an Illinois company." 596 N.E.2d at 214. Here the complaint does not allege that the defendants actively solicited Quantum or initiated the negotiations, only that it submitted purchase orders. But Quantum did not allege any facts inconsistent with active solicitation by the defendants, and because the defendants did not submit any evidence on this issue, Quantum is entitled to have reasonable inferences drawn in its favor.

In *Autotech*, the court found no violation of Illinois due process where the non-resident defendant had a distributorship agreement with an Illinois company under which it submitted orders by telephone and facsimile, returned some goods to Illinois for repairs, and breached the contract by failing to pay. 628 N.E.2d at 994-95. The only basis for distinguishing *Autotech* is the return of non-conforming goods for repair; however, that is roughly comparable to the present defendants' shipment of a CD-rom to Quantum for use in one printing job, so there is no meaningful distinction to be made between this case and *Autotech*. I cannot dispose of this case on Illinois due process grounds, so I turn to the federal constitutional question.

To satisfy the Due Process Clause of the Fourteenth Amendment, "[a] defendant must have 'certain minimum contacts with [Illinois]

such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *RAR, Inc.*, 107 F.3d at 1277 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). What that standard means depends on whether the state asserts "general" or "specific" jurisdiction. *Id.* Here the parties agree that only specific jurisdiction is appropriate. Specific jurisdiction exists in cases where the suit arises out of or is related to the defendants' contacts with the state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The defendant must have "purposefully established minimum contacts within the forum State" and so "should reasonably anticipate being haled into court" in the forum state because it "purposefully availed itself of the privilege of conducting activities" there. *RAR, Inc.*, 107 F.3d at 1277 (citations omitted). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Mid-America Tablewares, Inc. v. Mogi Trading Co, Ltd.*, 100 F.3d 1353, 1360 (7th Cir. 1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Quantum cites only state cases (*G.M. Signs* and *Autotech*) to support the exercise of personal jurisdiction over the defendants, but I am not bound by state interpretations of federal law. *RAR, Inc.*, 107 F.3d at 1276.

8

The defendants argue that the complaint should be dismissed because it fails to distinguish between the defendants for the purposes of the jurisdictional allegations. However, Quantum has alleged that the defendants are alter egos of each other. In light of the claim that they are alter egos that really acted as one entity, the allegation that they acted collectively is sufficient to support an inference that each defendant has the same contacts.

Second, the defendants argue that Quantum fails to specifically allege "purposeful availment" by the defendants. Federal pleading is notice pleading, and a plaintiff has the burden of establishing that jurisdiction is proper once the defendant challenges it under Rule 12(b)(2) by submitting evidence, but "a complaint need not include facts alleging personal jurisdiction." *Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). The question is not the magic words or language of the complaint, but the substance of the allegations. Here, Quantum alleges that the defendants submitted multiple purchase orders and established a contractual relationship. The undisputed evidence attached to Quantum's surreply[1] shows a series of faxes and e-mails, and that the defendants sent a CD-rom to Quantum for use in one of the printing jobs. The question is whether these allegations, if true, are sufficient for personal jurisdiction.

---

[1] The surreply was proper because only in their reply did the defendants submit any evidence in support of their jurisdictional challenge.

Quantum must rely on the defendants' contacts with Illinois to demonstrate that its contractual relationship with the defendants was tied to Illinois, because federal law is clear that "the unilateral activity of another party" is not a constitutionally sufficient basis for personal jurisdiction. *Burger King*, 471 U.S. at 475; *Mid-America Tablewares*, 100 F.3d at 1360. Here, the defendants' Illinois contacts alleged in the complaint are that they "placed multiple orders for printing with [Quantum] at its facilities in Morton Grove, Illinois," Compl. ¶ 8, that those orders for printing, accepted by Quantum, "constituted the formation of a contractual relationship" in Illinois, *id.* ¶ 11, and that the defendants breached the contract by failing to submit payments to the plaintiff in Illinois, *id.* ¶ 13. One additional contact that appears in the documents submitted by Quantum, though not relied on by Quantum, is that the defendants mailed a CD-rom to Quantum in Illinois with files necessary to complete one of the printing orders. Surreply Ex. 5.

Faxes containing price, quantity and shipping information, as well as representations and assurances, are relevant contacts. *Mid-America Tablewares*, 100 F.3d at 1360. The faxes and e-mails attached by Quantum to its surreply are the purchase orders that form the basis of the "contractual relationship," but "an out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts." *RAR, Inc.*, 107 F.3d

at 1277 (citing *Burger King*, 471 U.S. at 478)). "Rather, 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' must indicate the purposeful availment that makes litigation in the forum state foreseeable to the defendant." *Id.*

Here the defendants' arguments against jurisdiction consist only of a litany of allegedly relevant facts that *do not* appear in Quantum's complaint. But unless the allegations in the complaint are self-defeating or the defendants come forward with factual evidence to challenge jurisdiction, I must draw all reasonable inferences consistent with the complaint in favor of the plaintiff. *Sapperstein*, 188 F.3d at 855. The complaint provides no information about the negotiations leading up to the formation of the "contractual relationship"--*i.e.*, who solicited business from whom?. The only evidence offered by the defendants are copies of the leaflets produced by Quantum,[2] which do not show anything about who solicited whom. I may infer, in the absence of evidence or allegations to the contrary, that the defendants solicited Quantum's business. *See Madison Consulting Group v. South Carolina*, 752 F.2d 1193, 1203 (7th Cir. 1985) (distinguishing solicitation of business from merely placing the first purchase order). The

---

[2] The defendants ask me to take judicial notice of the leaflets pursuant to Fed. R. Evid. 201, but I need not take judicial notice of matters outside the pleadings to consider them on a motion to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(6).

11

evidence of course of dealing, in addition to sending the purchase orders themselves to Illinois, is that the defendants shipped a CD-rom to Quantum in Illinois for use in producing one of the printing jobs. This is a relevant contact, and on the record before me, drawing all reasonable inferences in favor of Quantum, the totality of the defendants' contacts evidence purposeful availment of the kind that make being haled into court in Illinois reasonably foreseeable.

C.

Karp invokes the so-called "fiduciary shield doctrine," a rule of Illinois law which renders personal jurisdiction over a defendant improper if his only acts in Illinois were done in a representative capacity for his employer. *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). However, a defendant may not employ the fiduciary shield to defeat jurisdiction when he acts in his own personal interests, as opposed to the interests of his employer or corporation. *Id.* at 1318; *Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1147 (N.D. Ill. 2001). Again, Karp's only argument here relates to facts that Quantum *does not* allege. The complaint alleges that Karp was acting as an agent of the other defendants and individually. Compl. ¶ 17. Karp argues that this is a conclusory allegation which is insufficient because Quantum does not plead facts to support it. But under federal notice pleading, unless heightened pleading is required, as in

fraud cases under Fed. R. Civ. P. 9(b), boilerplate or conclusory allegations are sufficient, so long as they give notice of the claim. *McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000). Taking the allegations of the complaint as true and drawing all reasonable inferences in Quantum's favor, Quantum has alleged that Karp was acting in his own interests, so the fiduciary shield does not bar jurisdiction over him.

II.

The motion to dismiss for failure to state a claim for breach of contract likewise fails in light of federal notice pleading standards. The defendants argue that Quantum was required to plead facts to match up with each legal element of its contract claim, but that is clearly not the law in this circuit. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Complaints need not plead law or match facts to every element of a legal theory."). Here Quantum alleged that the defendants placed printing orders in 1999 and 2000 which formed the basis of a contractual relationship, which the defendants breached by failing to pay Quantum's invoices for orders filled pursuant to the contractual relationship. Compl. ¶¶ 8, 11-13. These allegations are sufficient to give notice of a breach of contract claim. *See Petri v. Gatlin*, 997 F. Supp. 956, 965 (N.D. Ill. 1997) (Grady, J.) (holding that, under notice pleading regime, general allegations of the existence of the contract, defendant's breach, and damages from the breach are

sufficient). However, the defendants insist that Quantum is required to attach the purchase orders, or at a minimum to describe their terms in detail. Although Fed. R. Civ. P. 10(c) *permits* a plaintiff to attach a contract to the complaint, nothing in the federal rules *requires* a plaintiff to do so, or to plead the details of a written contract. Rule 8(a) requires only a "short and plain statement." Quantum's complaint, which alleges the formation, performance and breach of the alleged contract, clearly satisfies this standard.

Karp also argues that he should not be individually liable because he was acting as an agent of the other defendants. Under Illinois law, only "an agent who contracts with a third party on behalf of undisclosed or partially disclosed principal is personally liable on the contract." *Kimco Corp. v. Murdoch, Coll & Lillibridge, Inc.*, 730 N.E.2d 1143, 1146, (Ill. App. Ct. 2000). "A principal is partially disclosed when the third party knows that the agent is contracting on behalf of a principal but does not know the identity of the principal." *Id.* Again, Karp argues that the allegation that he acted as an agent "and individually" is insufficient because the complaint does not say that he acted for his own personal benefit, or that the defendant corporations were undisclosed or partially disclosed. However, Quantum also alleges that Karp was using the three corporate defendants interchangeably to avoid the amounts due under the contract, ¶ 17, and that, when

14

dealing with Karp and his subordinates, Quantum "was never expressly informed which of the corporate defendants was to receive the benefit of which orders," ¶ 18. This is sufficient to allege that Karp's principals were only partially disclosed, and Quantum therefore states a claim against Karp personally.

III.

The defendants' motion to dismiss is DENIED. Although neither party raises the issue, I note that no return of service has been filed for Fans United AG. The complaint in this case was filed on February 7, 2001. As a foreign corporation, the 120-day time limit of Fed. R. Civ. P. 4(m) does not apply to service on Fans United AG, but that does not mean that there is *no* time limit for service. *See James v. Rutil (S.R.L.)*, No. IP 95-530-C-B/S, 1997 WL 151174, at *5 (S.D. Ind. Mar. 14, 1997) (Barker, C.J.) (Service on a foreign defendant is subject to "'flexible due diligence' standard as measured by the reasonableness of Plaintiff's effort as well as the prejudice to the defendant from any delay."). Quantum is ORDERED TO SHOW CAUSE within two weeks from entry of this order why the complaint should not be dismissed as to Fans United AG.

ENTER ORDER:

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: January 23, 2002

15

Copies have been mailed to:

Steven P. Gomberg
Rooks, Pitts & Poust
10 S. Wacker Drive, #2300
Chicago, IL 60606

Attorney for Plaintiff

Edward S. Weil
Schwartz, Cooper, Greenberg & Krauss
180 N. LaSalle Street, #2700
Chicago, IL 60601

Attorney for Defendants